**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| TIMOTHY JOHNSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 1:05-CV-105 (WLS) |
| : | |
| LARA EFAW, RANDY KENDRICK, : | |
| WILLIAM RICHARDSON, and SUE : | |
| GUPTON, : | |
| : | |
| Defendants. : | |

**ORDER**

Motions to dismiss have been filed herein by the individual Defendants. Defendant Sue Gupton filed a motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) asserting that Plaintiff has failed to state a claim against her. (Tab 19). Defendant Randy Kendrick filed a motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) asserting that Plaintiff has failed to assert a claim against him under state law, 42 U.S.C. § 1983, the American's with Disabilities Act (ADA), and the Rehabilitation Act of 1973. (Tab 21). Defendant Lara Efaw has filed a motion to dismiss pursuant Fed.R.Civ.Pro 12(b)(6) and O.C.G.A. § 9-11-9.1. (Tab 24). Efaw asserts that Plaintiff has failed to state a claim under 42 U.S.C. § 1983, the American's with Disabilities Act, the Rehabilitation Act of 1973, and the complaint should be dismissed for failure to comply with the professional affidavit requirement of O.C.G.A. § 9-11-9.1. Defendant William Richardson has filed a motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) asserting Plaintiff has failed to state a claim under state or federal law against him. (Tab 28).

Upon reviewing the case file, the Court notes Plaintiff TIMOTHY JOHNSON filed this action as a pro se plaintiff. In cases such as this, where a motion to dismiss or a motion for summary judgment is filed against a party who is proceeding pro se, it is the Court's practice to inform the pro se party, in writing, of both the requirements surrounding a motion to dismiss and the potential consequences for failure to properly respond. The Court deems it appropriate and necessary to take this opportunity to do so in order to insure that pro se plaintiff receives adequate notice (1) that a motion to dismiss has been filed against him in this case, (2) that he has the right

to oppose the granting of said motion, and (3) that failure to oppose said motion may result in a final judgment being rendered against him, Plaintiff is **NOTIFIED** as follows:

Rule 12(b) of the Federal Rules of Civil Procedure provides that the following defenses may be presented by motions to dismiss:

(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19.

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. The **PLAINTIFF** may submit his argument to the Court by filing briefs in support of or briefs in opposition to such motions.

If a party fails or refuses to file any materials in opposition to a motion to dismiss, a **FINAL** judgment may be rendered against that party if otherwise appropriate under the law. In that event, **there would be no trial or any further proceedings**.

Accordingly, it is hereby **ORDERED** that the Plaintiff may file a response to Defendants' motion to dismiss in accordance with Rule 12 of the Federal Rules of Civil Procedure **no later Tuesday, December 6, 2005.** Defendants shall have **TEN (10) DAYS** from the filing of Plaintiff's response, if any, to submit a reply to the response. After passage of **THIRTY-FIVE (35) DAYS** from the date of this Order, the Court will consider Defendants' motions to dismiss, any opposition to the same filed by Plaintiff, and any reply to Plaintiff's opposition filed by Defendants.

**SO ORDERED**, this  18th  day of November, 2005.

                                           /s/W. Louis Sands  
                                          **W. LOUIS SANDS, CHIEF JUDGE**  
                                          **UNITED STATES DISTRICT COURT**