**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| TIMOTHY JOHNSON, | : |
| Plaintiff, | : |
| vs. | : 1:05-CV-105 (WLS) |
| DR. LARA EFAW, ET. AL., | : |
| Defendants. | : |

## ORDER

A discovery conference was held in the above-styled action on January 24, 2006. At the hearing the Court discussed the rules of civil procedure, the responsibility and role of a *pro se* litigant and the process of discovery with Plaintiff. Plaintiff was instructed further to familiarize himself with said rules and the local rules of this Court. The Court also conducted a hearing on a couple of Plaintiff's filings that appeared to request injunctive relief. The Court also explained that the Court does not ordinarily entertain alleged discovery disputes before the entry of the scheduling/discovery order because the parties are not obligated to engage in discovery until such an order is entered by the Court. It appears from the conference that Plaintiff now understands that many of the various pleadings and motions were filed at an inappropriate time in the litigation of this civil case, that therefore there is no bona fide discovery dispute at this time, and that other pleadings were nothing more than arguments regarding the alleged evidence and, in fact, did not ask the Court for any specific relief. In order to memorialize the Court's oral instructions, observations and discussions at that conference, the Court hereby issues the following order to resolve many of the outstanding motions and other pleadings filed by Plaintiff.

Before the Court are the following motions and pleadings filed by Plaintiff: a notice of filing of a letter to certain Defendants (Tab 10); a notice of filing discovery (Tab 11); a motion to compel (Tab 15); a motion for protection (Tab 18); a second motion for the appointment of counsel (Tab 31); a motion for default judgment as to William Richardson (Tab 32); a motion for investigation (Tab 35); a second motion to compel (Tab 44); a motion for a hearing (Tab 46); a "Motion for Emergency Holiday Declaration for Court" (Tab 47), a motion for a directed verdict

(Tab 56); a "Request for motion 'Emergency Holiday Declaration for Court' to be heard as scheduled on January 24, 2006" (Tab 57); a "notice pleading" which appears to be an argument based on the alleged evidence (Tab 61); a "Motion for Declinatory [sic] Exception" (Tab 62); a letter in reference to the proposed discovery order (Tab 63); a "Motion to Suppress" (Tab 66); a motion to exclude Defendant Kendrick from using certain evidence at the January 24, 2006 (Tab 67); a motion for discovery (Tab 68); and a "Motion for Bad Faith" (Tab 70).

As stated previously, many of these motions or pleadings were filed at an inappropriate time in the litigation process, did not ask for any particular relief, are not appropriately filed in a civil case and in general reveal Plaintiff's unfamiliarity with legal proceedings. These issues were discussed with Plaintiff at the discovery conference and seemed to be understood by Plaintiff. Accordingly, the following motions and pleadings are **DENIED** for the reasons stated above:  a notice of filing of a letter to certain Defendants (Tab 10); a notice of filing discovery (Tab 11); a motion to compel (Tab 15); a motion for protection (Tab 18); a motion for investigation (Tab 35); a second motion to compel (Tab 44); a motion for a hearing (Tab 46);  a motion for a directed verdict (Tab 56); a "Request for motion 'Emergency Holiday Declaration for Court' to be heard as scheduled on January 24, 2006" (Tab 57); a "notice pleading" which appears to be an argument based on the alleged evidence (Tab 61); a "Motion for Declinatory [sic] Exception" (Tab 62); a letter reference the discovery order (Tab 63); a "Motion to Suppress" (Tab 66); a motion to exclude Defendant Kendrick from using certain evidence at the January 24, 2006 (Tab 67); a motion for discovery (Tab 68); and a "Motion for Bad Faith" (Tab 70).

Plaintiff's second motion for appointment of counsel (Tab 31) is **DENIED** for the reasons previously set forth in the order denying Plaintiff's first request. (Tab 4). Further, Plaintiff's motion for default against William Richardson (Tab 32) is **DENIED** as Plaintiff's motion was filed after Richardson filed a timely answer and because Richardson was voluntarily dismissed from the case.

The last motion filed by Plaintiff that needs to be addressed is Plaintiff's "Motion for Emergency Declaration for Court."  The motion is essentially a request for preliminary injunctive relief.  Plaintiff seeks the return of numerous pets and livestock that were allegedly seized by Defendant and the Tift County Humane Society.  Plaintiff alleges that the animals were illegally seized and should be returned immediately.  As stated previously, the Court conducted a hearing on

the motion on January 24, 2006.

In general to prevail on a motion for a preliminary injunction, the moving party must establish: (1) a substantial likelihood of prevailing on the merits; (2) irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  The Eleventh Circuit has stated:

> A preliminary injunction is a powerful exercise of judicial authority in advance of trial. The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. Amer. Radio Ass'n v. Mobile Steamship Ass'n, Inc., 483 F.2d 1, 4 (5th Cir.1973)

Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

As a preliminary matter, the Court was informed by both Plaintiff and Defendant that the animals were seized as a result of a misdemeanor criminal investigation of a charge of cruelty to animals.  The charges are currently pending in a Georgia state court in Turner County.  Plaintiff is the Defendant in the matter and is represented in the matter by counsel.  Plaintiff failed to establish that he does not have an adequate remedy in the Georgia state courts as it relates to the return of the animals and with said state proceeding.  Further, as a more general matter this motion is directed to Defendant Kendrick while the animals are in the custody of Tift County Humane Society who are not parties to this action.  Accordingly, Plaintiff's motion for injunctive relief as to Defendant Kendrick (Tab 47) is **DENIED.**

**SO ORDERED**, this   17th   day of March, 2006.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**