**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| TIMOTHY JOHNSON, | : | |
|     Plaintiff, | : | |
| vs. | : | 1:05-CV-105 (WLS) |
| RANDY KENDRICK, ET. AL., | : | |
|     Defendants. | : | |

**ORDER**

    Before the Court are numerous motions filed by Plaintiff and Defendant Kendrick. The majority of the filings are motions filed by Plaintiff. The currently pending motions filed by Plaintiff are: (1) a motion to compel (Doc. 48); (2) a motion for an extension of time to complete discovery (Doc. 71); (3) a motion for a writ of *quo warranto* (Doc. 75); (4) a motion to amend the complaint (Doc. 78); (5) a motion to amend the complaint; (6) a motion reference to the FRCP (Doc. 84); (7) a motion to reconsider arbitration; (Doc. 85); (8) a motion in reference to expert witnesses (Doc. 86); (9) a motion for an application to obtain expert witnesses (Doc. 87); (10) a motion for an application to obtain a private investigator (Doc. 88); (11) a motion *in limine* (Doc. 94); (12) a motion for a protective order (Doc. 95); (13) a motion for an *exparte* to obtain an expert witness (Doc. 96); (14) a motion to amend (Doc. 100); (15) a motion to reconsider this Court's order denying the appointment of counsel and other rulings (Doc. 107); (16) a motion to inspect and inventory Plaintiff's property (Doc. 110); (17) a motion for a writ of *ad inquirendum* (Doc. 112); (18) a motion to modify subpoenas (Doc. 113); (19) a motion for sanctions (Doc. 117); (20) a motion for supervisory control (Doc. 118); (21) a motion to compel (Doc. 121); (22) a second motion for a writ of *quo warranto* (Doc. 126); (23) a motion for a writ of *praecipe* (Doc. 129); (24) a motion for

1

an extension of time to complete discovery (Doc. 135); (25) a motion to consolidate cases (Doc. 140); (26) a motion to require the Court to rule on the pending motions (Doc. 144); and, (27) a motion essentially asking the Court to abide by the law in ruling on said pending motions (Doc. 145).  Defendant Kendrick has filed far few motions, to include a motion to dismiss (Doc. 21) which will be dealt with in a separate order.

The Court has issued recently an order staying discovery and denying without prejudice Plaintiff's motion for summary judgment. (Doc. 155).  Plaintiff's motions can be essentially broken down into several general categories, discovery related, motions to amend and motions that are not germane to civil cases or this civil case in particular.  First, the Court will address the motions that that are not germane to civil actions or are otherwise without a sound legal basis.  Then the Court will discuss the motions in the other categories.

In this category Plaintiff has filed numerous motions, to include, (1) two motions for writ of *quo warranto* (Docs. 75, 126); (2) a motion seeking the intervention of the United States to rectify an alleged constitutional harm done to Plaintiff (Doc. 84); (3) a motion seeking a reconsideration of arbitration (Doc. 85); (4) numerous motions seeking the appointment of expert witnesses (Docs. 86, 87, 88, 96, 108); (5) two motions for writ of *ad inquirendum* and a writ of *praecipe*, respectfully (Docs. 112, 129); a motion to exercise supervisor control (Doc. 118); and, (6) two motions requesting that the Court rule on his motions or claims (Docs. 144, 145).

A Writ of *Quo Warranto* is an order removing an elected official from office.  The petitioner is one who is challenging whether the elected official is properly in office and that the petitioner holds title to the office. "Thus, in order to state a cause of action against the present holder of a public office, the information must state all material facts sufficient to justify granting leave to file the action, and the allegation must show that the defendant or claimant is entitled to the office in his or her own right and under his or her own title. GAPROC SPECIALREM § 6:72.   In the present case there are no facts alleged or any

evidence that Plaintiff makes a claim as the rightfully elected Sheriff.  Defendant allegedly has committed some misconduct, but an application for a writ of *quo warranto* is not the proper procedure to remedy the alleged misconduct.  Therefore, Plaintiff's requests for the issuance of a writ of *quo warranto* (Docs. 75, 126) are **DENIED.**

Essentially a for writ of *ad inquirendum* and a writ of *praecipe* are nothing more than Latin terms for a motion to show cause or a request for the Court to do something.  Plaintiff has filed both. (Docs. 112, 129).  In the motion for a writ of *ad inquirendum*, Plaintiff is asking this Court to order an agency, the Georgia Bureau of Investigation (GBI), to investigate the actions of Defendant Kendrick.  Plaintiff has failed to show how this Court has any power to fashion such an order, therefore, the motion for a writ of *ad inquirendum* (Doc. 112) is **DENIED.**  In his motion for a writ of *praecipe*, Plaintiff is asking this Court to rule as a matter of law that Defendant's actions were illegal. (Doc. 129).  As noted in the order denying Plaintiff's motion for summary judgment without prejudice, it is premature to rule on the merits of the case.  Therefore, Plaintiff's motion for a writ of *praecipe* (Doc. 129) is **DENIED.**[1]

Plaintiff's also has filed a motion seeking the intervention of the United States in this case to help him vindicate his rights. (Doc. 84).  While the statute allows the United States to intervene, this is not the proper procedure for getting the United States involved.  Therefore, Plaintiff's motion (Doc. 84) is **DENIED.**

While the Court encourages all forms of Alternative Dispute Resolution, normally the Court does not actively involve itself in forcing parties to enter into settlement negotiations.  Plaintiff has filed a motion requesting the reconsideration of arbitration and ask the Court to

---

[1]. The Court acknowledges that Plaintiff is proceeding *pro se* and appears to have followed the Court's request to consult legal materials before filing pleadings.  However, the Court advises Plaintiff that the federal rules only require concise statements or requests without the formalities of old "form" pleading.  Therefore, Plaintiff does not have to, and in most cases should not, resort to using arcane Latin terms in his pleadings.

allow the parties additional time to enter into arbitration. (Doc. 85). If both parties agree, then the Court will allow a reasonable opportunity to engage in any form of alternative dispute resolution. Until such time, the Court is reluctant to force parties into so doing. Therefore, to the extent that Plaintiff is requesting further action on the Court's part, the request (Doc. 85) is **DENIED** without prejudice.

Plaintiff has filed numerous motions seeking the appointment of an expert witness. (Docs. 86, 87, 88, 96, 108). Plaintiff relies upon federal criminal procedure and rules as the basis for the appointment of an expert. As this is a civil matter, those rules and statutes do not apply, therefore, the requests for the appointment of an expert witness (Docs. 86, 87, 88, 96) are **DENIED.**

Plaintiff has also filed a motion asking the Court to exercise supervisory control over Defendant. (Doc. 118). The purpose of this motion is unclear as is the legal basis for the request. On one hand, the motion appears to be similar to a habeas application, on the other hand, it appears that Plaintiff is asking the Court to rule on the merits. To the extent that Plaintiff is seeking habeas relief, the motion (Doc. 118) is **DENIED** as it does not conform to the rules governing habeas petitions. To the extent that the motion is requesting the Court to rule on the merits of Plaintiff's claim, the motion (Doc. 118) is **DENIED** for the reasons previously stated.

The last set of motions in this category are three motions which essentially ask this Court to rules on his claims and to follow the law. (Docs. 144, 145). As stated previously, in response to other motions styled differently but essentially asking for the same type of relief, it is premature for the Court to rule on Plaintiff's substantive claims. Further, the Court always seeks to follow the law and correctly apply it to the facts. Therefore, Plaintiff's said motions (Docs. 144, 145) are otherwise **DENIED as moot.**

The next set of motions involve discovery related issues. The Court notes that discovery was recently stayed pending the resolution of Defendant's motion to dismiss. (Doc.

150).  However, many of the pending discovery related motions would have to be addressed if the stay is lifted.  Therefore, the Court will address these motions.

Document 48 is listed as a motion to compel on the docket. (Doc. 48).  A reading of the document reveals that it may be an attempt to add a claim or make a demand for damages.  As it is not a motion to compel, or to the extent that it is a motion to compel, it (Doc. 48) is **DENIED**.  If it is an attempt to amend the complaint, it is not a concise plain statement for relief or the basis for relief.  Therefore, to the extent it is a motion to amend, it (Doc. 48) is **DENIED.**

Plaintiff has also filed a motion for bad faith, alleging that Defendant's attorney left out information from the proposed discovery order.  (Doc. 70).  As the discovery conference and order has since been held and entered, the motion for bad faith (Doc. 70) is **DENIED.**  Plaintiff has also filed a motion for an extension of time to complete discovery. (Doc. 71).  As discovery has been stayed, said motion (Doc. 71) is **DENIED as moot.**  Also pending is Plaintiff's motion to compel the production of certain documents.  (Doc. 74).  Plaintiff did not show that he complied with the rules by first attempting to resolve the apparent dispute.  Further, he cites to the Georgia Open Records Act as grounds for enforcing his request.  Said Act is not applicable to the discovery process ordered herein.  Therefore, the motion to compel (Doc. 74) is **DENIED.**

Plaintiff has filed a motion *in limine* challenging statements made at a previous hearing made by Defendant's counsel to the effect that Plaintiff's horse(s) had equine disease.  (Doc. 94).  Whether this is true or not is of no moment, such an issue is a question of fact for the fact finder to determine and as such appears, at this point, to be appropriate information to provide to the fact finder.  Plaintiff is free, and apparently has, to produce evidence that contradicts Defendant's assertion.  Said statements, if made, are not the proper subject of a motion *in limine*.  Therefore, Plaintiff's motion *in limine* (Doc. 94) is **DENIED.**

Plaintiff has also filed a motion for a protective order seeking to limit Defendant's

discovery of information from Plaintiff. (Doc. 95). Other than lamenting the differences in their financial situations, Plaintiff does not explain how or what matters of discovery that should be limited. As the Federal Rules of Civil Procedure favor broad discovery, Plaintiff, as movant, bears the burden of showing how and why discovery should be limited. Fed.R.Civ.Pro. 26 *et. seq.* Even though discovery is stayed, Plaintiff's motion for a protective order (Doc. 95) is **DENIED** and Plaintiff is ordered to comply with Defendant's discovery request upon the lifting of the stay unless he can show good cause for not responding consistent with the federal rules. Plaintiff has also filed a motion to modify the subpoena's issued by Defendant to Plaintiff's medical providers, which in essence is an objection to the discovery of Plaintiff's medical condition. (Doc. 113). Defendant points out that Plaintiff has clearly put his medical condition at issue by pleading violations of the ADA, therefore, Plaintiff's motion to modify the subpoena's (Doc. 113) is **DENIED.** Plaintiff has also filed a motion for sanctions. (Doc. 117). A close reading of the pleading reveals that Plaintiff has essentially filed a motion to compel. It is not clear from the pleading, but Plaintiff seems to be indicating that Defendant neglected to provide him with an Exhibit identified by Defendant. To the extent that said Exhibit exists and has not been provided to Plaintiff, Defendant shall provide the document(s) to Plaintiff. Therefore, Plaintiff's motion for sanctions, to the extent that it is a motion to compel (Doc. 117) is **GRANTED.** To the extent that the motion is one for sanctions, Plaintiff has failed to demonstrate that any action or inaction by Defendant was willful or otherwise justified or requires sanctioning. Therefore, Plaintiff's motion for sanctions (Doc. 117) is **DENIED.**

Plaintiff has also filed a motion to compel the production of documents as requested in Plaintiff's first request to produce. (Doc. 121). Plaintiff has failed to explain what requests were not complied with or attach a copy of Defendant's responses. Plaintiff does not appear to argue that Defendant has failed to respond at all, but that some of the responses are incomplete. Defendant argues that some of the requests are not related to this case, but to a

separate suit. Defendant does acknowledge that the motions to amend by Plaintiff may make some of the requests relevant. Further, Defendant points out that Plaintiff failed to comply with the Federal Rules governing conferring with opposing counsel before filing a motion to compel. Fed.R.Civ.Pro. 37(a)(2)(B). As discovery is stayed, Defendant's motion to dismiss is pending and Plaintiff's motions to amend are pending, the Court observes that clarification of these matters may assist the Court and the parties in determining the relevancy of Plaintiff's discovery requests. Therefore, Plaintiff's motion to compel (Doc. 121) is **DENIED without prejudice.** Plaintiff has also filed a motion seeking an inventory of the animals taken as a result of the search warrant. (Doc. 110). In the motion, Plaintiff seeks the return of the animals taken and reimbursement for the value of the animals. Defendant makes numerous argument against the motion, the main one being that the animals are in the custody of a third party and that this action involves Plaintiff's involuntary transportation to a mental health center. Plaintiff has sought through various amendments to allege that Kendrick was involved the taking of the animals. The Court has yet to rule on said amendments. The Court acknowledges, also, that even if the amendments were granted, the record is clear that Defendant Kendrick does not have possession of the animals. Therefore, Plaintiff's motion for an inventory of the animals taken, the request to have them returned and damages for their value (Doc. 110) is **DENIED without prejudice.**[2] Plaintiff has also filed a motion for an extension of discovery. (Doc. 135). As the Court has stayed discovery pending the resolution of certain motions, the request (Doc. 135) is **DENIED without prejudice.**

      Plaintiff has filed a motion for reconsideration of the Court previous motion (Doc. 103) denying, among other things, Plaintiff's motion to appoint counsel, motion to compel, motion to suppress and a motion for hearing, which does not fit into any category. A careful review of the motion reveals that it is a repeat of the arguments originally made. Plaintiff has

---

[2]. The Court by this ruling does not relieve Defendant of the responsibility to respond to proper requests for production, admissions or responding to interrogatories once the stay is lifted.

not pointed to any error or change in the law which requires or causes the Court to amend or modify its previous order.  Therefore, Plaintiff's motion for reconsideration (Doc. 103) is **DENIED.**

Lastly, Plaintiff has filed three motions that are labeled on the docket as motions to amend the complaint.  (Docs. 78, 79, 100).  The first motion is to add claims against Kendrick (Doc. 78), the second is to add the Turner County Sheriff's Department as a party Defendant (Doc. 79); and, the third is to request leave, essentially out of time to file the above referenced motions to amend.  (Doc. 100).

As correctly pointed out by Defendant, when Plaintiff filed his motions to amend, Plaintiff failed to seek permission from the Court to file the amendments in violation of Fed.R.Civ.Pro. 15(a).  As has been noted in this order and others, Plaintiff is proceeding *pro se*.  As Defendant is aware, all parties in any litigation are required to follow the federal and local rules.  However, the federal courts have recognized that it is unfair to enforce the rules as strictly against a *pro se* litigant, especially when it appears that the litigant is attempting to comply with the spirit of the rules.  Though, as this order reflects, Plaintiff has filed a number of superfluous motions, he has attempted to follow the Court's instructions to consult with and follow the law and the rules.  As can be expected of someone untrained in the law, Plaintiff has mistakenly applied legal rules or applicable law from one area to another.  The fact that Plaintiff filed a request to file his motions to amend, even if untimely, is sufficient in the Court's view under the totality of the circumstances.  Therefore, the request to file amendments to the complaint (Doc. 100) is **GRANTED.**

The question now before the Court is whether the Court should allow Plaintiff to amend his complaint.  (Docs. 78, 79).  The original complaint sought damages against Defendant for the unlawful detention and transportation of Plaintiff to a mental health facility after Plaintiff allegedly threatened to hurt himself.  This alleged incident took place on June 8, 2005.  Since that date members of the Turner County Sheriff's Department and Regina Wells

of the Tift County Animal Control executed a search warrant at Plaintiff's house and seized numerous animals. This alleged incident occurred on November 1, 2005. Plaintiff seeks to add claims and a Defendant related to this incident. The Court points out that the majority of pleadings filed in this case relate to the second incident.

Defendant correctly states that various standards apply to the amendment of the complaint. Such amendments shall be freely given unless they are futile, will delay resolution of the case or are otherwise unreasonable. Foman v. Davis, 371 U.S. 178 (1962). While a district court should liberally grant motions for leave to amend the pleadings, the court has broad discretion to deny such a motion under certain circumstances. Burger King Corp. v. Weaver, 169 F.3d 1310 (11th Cir. 1999). Should a district court decide to exercise its' discretion and deny the motion to amend, the decision will not be disturbed on appeal absent a showing that the court abused its' discretion. Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir. 1994).

The Eleventh Circuit has recognized two instances where denial of a motion to amend the pleadings is permissible and not an abuse of discretion. The first is where granting the motion will cause undue delay in resolving the case. That is not the situation in this case because discovery has been stayed until the Court can rule on Defendant's motion to dismiss. (Doc. 21).

The other situation is where granting of the motion would be futile. The question is argued extensively by Defendant. Defendant correctly points out that the American's with Disabilities Act ("ADA") claim against Defendant Kendrick is futile because Plaintiff is not an employee of Defendant or the Turner County Sheriff's Department. 42 U.S.C. § 12111. Therefore, Plaintiff's request to add a claim for damages based on the ADA claim against Defendant Kendrick (Doc. 78) is **DENIED.** Plaintiff has, however, filed a facially valid § 1983 claim against Defendant for the execution of the search warrant and the seizure of the animals. Therefore, to the extent that Plaintiff asserts a federal claim(s) for violation of his

constitutional rights pursuant to 42 U.S.C. § 1983 against Kendrick, the motion to amend (Doc. 78) is **GRANTED.** The Turner County Sheriff's Department, which is the proposed party that is subject to Plaintiff's motion to add a party, has not filed a response to the motion to add it as a party (Doc. 79). Defendant Kendrick, has also failed to respond to the motion. Therefore, to the extent that the motion to amend states any valid claims, it (Doc. 79) is **GRANTED.**[3] Whether any of the allowed claims will ultimately be successful is not the question before the Court.

## CONCLUSION

Based on the foregoing, Plaintiff's: motion to compel (Doc. 48) is **DENIED**, motion for bad faith (Doc. 70) is **DENIED**, motion for an extension of time to complete discovery (Doc. 71) is **DENIED**, motion to compel (Doc 74) is **DENIED**, motion for writ of *quo warranto* (Doc. 75) is **DENIED**, motion to amend (Doc. 78) is **GRANTED-in-part and DENIED-in-part**, motion to amend to add a party (Doc. 79) is **GRANTED**, motion "re FRCP" (Doc. 84), is **DENIED**, motion to reconsider arbitration (Doc. 85) is **DENIED without prejudice**, motions for the appointment of expert witness(es) (Docs. 86, 87, 88, 96, 108) are **DENIED**, motion *in limine* (Doc. 94) is **DENIED**, motion for a protective order (Doc. 95) is **DENIED**, motion seeking permission to amend (Doc. 100) is **GRANTED**, motion for reconsideration (Doc. 107) is **DENIED**, motion to inspect and for an inventory of Plaintiff's property (Doc. 110) is **DENIED without prejudice**, motion for a writ of *ad inquirendum* (Doc. 112) is **DENIED**, motion to modify subpoenas (Doc. 113) is **DENIED**, motion for sanctions (Doc. 117) is **DENIED**, and to the extent it is more properly a motion to compel, it (Doc. 117) is **GRANTED**, motion for supervisor control (Doc. 118) is **DENIED**, motion to compel (Doc. 121) is **DENIED without prejudice**, second motion for a writ of *quo warranto* (Doc. 126) is **DENIED**, motion for a writ of *praecipe* (Doc. 129) is **DENIED**,

---

[3]. Plaintiff must now make service upon the Turner County Sheriff's Department in accordance with the federal rules.

motion for an extension of time to complete discovery (Doc. 135) is **DENIED without prejudice**, and, the motions to follow the law (Docs. 144, 145) are **DENIED**.

**SO ORDERED**, this  8th  day of August, 2006.

                    /s/W. Louis Sands
                    **W. LOUIS SANDS, CHIEF JUDGE**
                    **UNITED STATES DISTRICT COURT**